OPINION.-
Scofield, J.,
delivered the opinion of the court:
A package, said to contain $2,000 in bank bills, and directed, to the Treasurer of the United States, was deposited by the claimant at Norwich, Conn., with Adams Express Company for transmission. The express company carried it safely to-Washington and delivered it, with unbroken seals, to the Treasury officers.
’ It is clearly and satisfactorily proven, by the evidence of claimant’s cashier and teller, that the package contained $2,000 in bank bills.
On the part of the defendants, the evidence is equally clear and satisfactory that upon its arrival at the Treasury the package contained no bank bills whatever, but, instead, pieces of newspapers carefully folded up to simulate bills.'
There are three allegations here about equally well proven.
1. The package contained bills when it started.
2. It was not tampered with on the way.
3. It contained newspapers when it arrived.
We are not called upon to say which one of these allegations is false. The claimant has the affirmative of the issue and must *351 make out a case. When the evidence is as strong on one side as on the other, the parties mu'st be left in statu quo.
But another fact appears in the case, which in justice to all concerned should be stated. Some years subsequent to this transaction and pending this suit, the cashier was found to have been dishonest in the management of the bank. The package was sent in 1874, this suit begun in 1878, and the testimony of the cashier and teller taken in January and May, 1879. After the case had progressed thus far, an examination of the bank was made in November, 1879, by the United States examiner. It was found by this examination that the cashier, during a period of some ten years, had been in the habit of converting small amounts of the bank’s funds to his private use. The concealment of these deficiencies had become a study and to this end he had devised various methods. So far, this statement is sustained by the evidence. Beyond this, all is conjecture. It is not at all improbable that the Treasury circular suggested a new mode of concealment. Could he not send off a package of papers disguised as bank bills? Such a package must pass through many hands on its way and be handled by many clerks after its arrival. It would be disputed, but who could tell where the fraud originated ? But, to be successful, he must have an honest and unimpeachable witness that bank bills and not newspapers were deposited in the express office. Following this line of conjecture, we may suppose he prepared, in advance and at his leisure, a package of papers corresponding in size and shape to $2,000 in bills, put with them his letter to the Treasurer, wrapped them up in the paper of the bank, doubled over and sealed down the ends, all in a manner that must necessarily be imitated by the teller in putting up a package of bills. The false package prepared, he handed to the unsuspecting teller the $2,000 to be counted and wrapped up. The cashier testifies that while the teller was thus engaged, he stood by and gave particular directions. .“My attention,” says he, “ was particularly given to his manipulations of this package.” The teller must have known how to wrap up a package of bills, and this extraordinary supervision on the part of the cashier must have had some purpose besides general instructions ‘in a duty so simple. It was important to the success of his scheme that the teller’s package of bills should perfectly agree in external appearance with the *352 package of papers already prepared by himself. It required only a second’s diversion of the teller’s attention, after his package was complete, to substitute the one for the other. Without suspecting the fraud, the teller superscribed the package. before him and took it to the express office.
The conjecture may or may not be true. If true, it not only unravels the mystery but exonerates every person that might, by possibility, be suspected, except the cashier, whose character is already impeached.
The claimant’s petition is dismissed.